UPS TRUCK LEASING,
INC., Appellant,

v.

LEASEWAY TRANSFER POOL,
INC., Appellee.

No. 04-99-00467CV.

Court of Appeals of Texas,
San Antonio.

July 26, 2000.

Stephen L. Dittlinger, Brock & Person, P.C., San Antonio, for Appellant.

Glen M. Boudreaux, Maryellen S. Hester, Kirkland, Boudreaux & Leonard, Houston, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

This contractual dispute concerns the applicability and enforceability of an indemnity provision in a lease agreement entered into between UPS Truck Leasing, Inc. and Leaseway Transfer Pool, Inc. Finding that the indemnity provision is not conspicuously written, and thus, not enforceable, we affirm the summary judgment granted in favor of Leaseway Transfer Pool, Inc.

### Factual & Procedural Background

In March 1995, UPS Truck Leasing, Inc. ("UPS") leased a commercial vehicle to Leaseway Transfer Pool, Inc. ("Leaseway"). The parties' lease agreement contained an indemnity provision. On March 26, 1995, Susano Diaz, a Leaseway employee driving the leased vehicle, was involved in a hit-and-run accident with Irene Garcia in Laredo, Texas, injuring Garcia and her minor children who were in the car. A police report names Diaz as the driver of the UPS vehicle that hit Garcia and left the scene of the accident.

Garcia, individually and on behalf of her children (collectively referred to as "Garcia"), sued Leaseway and Diaz for the damages she and her children sustained in the accident. Leaseway and Diaz answered with a general denial. Garcia later amended her petition, adding UPS as a defendant. UPS filed a cross-action against Leaseway claiming that, pursuant to the parties' rental agreement, Leaseway was obligated to indemnify and defend UPS against the claims Garcia asserted against it. Leaseway and Diaz ultimately settled all claims brought against them by Garcia.

Thereafter, while Garcia's claims against UPS were pending, Leaseway moved for summary judgment against UPS on UPS' cross-action for indemnity, arguing it was entitled to judgment because: (1) Garcia's claims against UPS do not trigger the indemnity provision of the lease agreement because Garcia is not seeking to hold UPS responsible for Leaseway's actions; (2) the indemnity provision is unenforceable because it is not conspicuous as a matter of law; and (3) the indemnity provision is unenforceable because it fails to satisfy the "express negligence" doctrine as a matter of law.

The trial court granted a general summary judgment in favor of Leaseway and thereafter severed UPS' cross action against Leaseway from Garcia's remaining claims against UPS. UPS has since settled all claims brought against it by Garcia.

### Standard of Review

Summary judgment is proper for a defendant only if the defendant establishes that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's claim and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management Co. Inc.,* 690 S.W.2d 546, 548 (Tex.1985). When, as in the instant case, the summary judgment does not specify the ground relied upon for its ruling, the summary judgment must be affirmed if one of the theories advanced is meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

### Enforceability of Indemnity Agreement

██ Assuming, without deciding, that the indemnity agreement was triggered in the underlying suit, we turn to examine whether it is enforceable. In Texas, an indemnity agreement, a promise whereby the indemnitor agrees to safeguard or hold the indemnitee harmless against either ex-

isting and/or future loss liability, is valid and enforceable if it is both unambiguous and conspicuous. *See Dresser Indus. v. Page Petroleum,* 853 S.W.2d 505, 508–09 (Tex.1993). The agreement will be deemed unambiguous if the intent of the party seeking indemnity from the consequences of its own negligence is specifically stated within the four corners of the document. *Id.* at 509. The conspicuousness requirement is met if the intent to transfer liability appears on the face of the document in such a way as to attract the attention of a reasonable person looking at it. *Id.* at 508; *see* Tex. Bus. & Com.Code Ann. § 1.201(10) (Vernon 1994). Language that is larger than other type contained in a form or has otherwise contrasting type or color is conspicuous. *Dresser,* 853 S.W.2d at 511 (citing Tex. Bus. & Com.Code Ann. § 1.201(10) (Vernon 1994)).

■ Assuming, without deciding, that the indemnity provision at issue is unambiguous, we nevertheless find that the provision is unenforceable because it is not conspicuous. The provision, in pertinent part, provides:

**CUSTOMER AGREES:**

18. [Leaseway] agrees to indemnify, defend and hold UPS harmless from and against any and all claims, suits, (including frivolous claims or suits, losses, fines, penalties, costs and expenses (including legal costs and expenses and attorney's fees), in excess of the Liability insurance provided by [Leaseway] or in excess of Liability insurance provided by UPS (if elected and paid for by [Leaseway] pursuant to this Rental Agreement) directly, indirectly, or allegedly caused by or arising out of:

(a) Any injury to or death of, or other damage sustained by any person (including any employee or agent of [Leaseway] or UPS) or damage to any property arising out of or caused, occasioned wholly or in part by (i) the maintenance, repair, operation or any other form of employment of the Vehicle (whether by [Leaseway] any other authorized employee or agent of [Leaseway], or any authorized party) prior to the time the vehicle is returned to UPS on or after the termination of this rental agreement; (ii) or any other act or omission (including any wrongful or otherwise tortious act or omission) of UPS related thereto.

This provision, paragraph 18 of 30 paragraphs, is located on the back side of a two-page, single-spaced standard form lease agreement. The indemnity language, as pointed out by UPS, is contained in a separate paragraph that is captioned by the heading, "Customer Agrees," which appears in upper case, bold type. These features, however, do little to ensure that a reasonable person against whom it is to operate ought to have noticed it. *See id.*

First, the benefit of the stand-alone indemnity clause is defeated by the nondescriptive, albeit bold-typed and uppercased, heading, "Customer Agrees," because that heading bears no reference to indemnity, and as such, fails to put the reasonable reader on notice that an indemnity agreement follows. Such a flaw appears several times in the lease agreement. Indeed, four of the six listed headings on the back side of the lease agreement merely indicate that one or both of the parties agree to the following terms without identifying or classifying the substance of those terms.[1] In other words, key provisions, including the indemnity provision, are not sufficiently obvious to the reasonable reader. *Cf. Arthur's Garage v. Racal–Chubb Sec. Sys., Inc.,* 997 S.W.2d 803, 815 (Tex.App.-Dallas 1999, no

---

1. For example, the heading preceding paragraphs one through nine reads "CUSTOMER ACKNOWLEDGES AND AGREES." The heading preceding paragraphs nineteen through twenty-seven reads "CUSTOMER FURTHER AGREES." And finally, the heading preceding paragraphs twenty-eight through thirty reads "BOTH PARTIES AGREE."

pet.) (provision entitled "Liquidated Damages and Indemnity" sufficiently descriptive for purposes of conspicuousness test). Next, the appearance of bolded language is likewise of no avail to the argument of conspicuousness because the language that is bolded does not reference the indemnity provision or indemnity language. We thus find that the indemnity provision is unenforceable because it is not written so that a reasonable person against whom it is to operate ought to have noticed it. *See* Tex. Bus. & Com.Code Ann. § 1.201(10) (Vernon 1994). Accordingly, we hold that the trial court did not err in rendering judgment in favor of Leaseway. *See S.S.*, 858 S.W.2d at 380 (general summary judgment must be affirmed if one of theories advanced is meritorious). Point of error number two is overruled.

In light of our treatment of point of error number two, we need not address the other issues brought forward on appeal. *See* Tex.R.App. P. 47.1.

The judgment of the trial court is affirmed.